IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANSOUR MOHAMMAD, #Y15873, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JACQUELINE LASHBROOK, ) <br> FRANK LAWRENCE, ) <br> JAMES CLAYCOMB, ) <br> SAMUEL STERRETT, ) <br> HENRY WILSON, and ) <br> JOHN DOE MAJOR, ) <br> ) <br> Defendants. ) | Case No. 3:19-cv–1331-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mansour Mohammad, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). Following preliminary review of the First Amended Complaint, Plaintiff was allowed to proceed on the following claims:

> Count 1: First Amendment claim against John Doe Chaplains #1 and 2 for substantially burdening his exercise of religion.
>
> Count 4: First Amendment retaliation claim against John Doe Chaplain #2.

This case is now before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. 26). Plaintiff seeks to add defendants and to identify the Doe defendants.

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave."

1

Plaintiff's motion to amend was filed more than 21 days after service of the Complaint, and Defendants have not consented to the filing of the amended pleading.

The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). Additionally, a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993).

## The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint: Plaintiff is a practicing Muslim who entered Menard in 2016. Assistant Warden of Programs Frank Lawrence, Senior Chaplain James Claycomb, Chaplain Samuel Sterrett, and Warden Lashbrook only allow Muslim prisoners to attend Jumah services once per month, despite the religious obligation to do so every Friday. Lawrence, Claycomb, Sterrett, and Lashbrook also stop congregational services for Muslim inmates during the month of Ramadan, requiring them to observe it from their cells and prohibiting them from observing the group Eid al-Fitr feast and prayer at the conclusion of the month. Plaintiff filed multiple requests and grievances asking to be put on the list for monthly Jumah services, but was ignored by Claycomb, Sterrett, and Henry Wilson for a year.

Lashbrook and Lawrence provide a Christian Chaplain to assist Christians in their faith but do not provide an Imam to assist Muslims practicing the Islamic faith. Claycomb and Sterrett provide tables full of Christian literature but the chapel lacks any Islamic materials other than the Quran. Additionally, Lashbrook, Lawrence, Claycomb, Sterrett, and John Doe Major repeatedly cancelled Islamic services but allowed Christian services to go forward on the same day.

2

Lashbrook, Lawrence, Claycomb, Sterrett, and Wilson had knowledge that no Chaplain was available on the majority of Sundays and Mondays but failed to act to provide religious services to Muslims.  Lashbrook, Lawrence, Claycomb, Sterrett, and Wilson provide special meals for Christian holidays but not for Eid al-Fitr.

Claycomb removed Plaintiff and other Muslims from the list to attend weekly Taleem services in retaliation for filing grievances.  Plaintiff submitted a request to the chaplain on February 25, 2019 asking why he had been taken off the list to attend services.  Sterrett responded "removed for non-compliance on 2/1/19" (despite the fact that Plaintiff had been allowed to attend subsequent services on February 4 and 11, 2019) and stapled a Christian pamphlet to the response.  A similar incident took place in March 2019 and Plaintiff submitted another request to the chaplain.  Sterrett responded that Plaintiff could "not resubmit until May 1, 2019."  That response also had a Christian pamphlet attached to it.  Sterrett's actions were in retaliation for the grievances Plaintiff had filed.

Based on the allegations in the Second Amended Complaint, the Court designates the following claims:

| | |
|---|---|
| Count 1: | First Amendment claim against Lashbrook, Lawrence, Claycomb, Sterrett, Wilson, and John Doe Major for substantially burdening Plaintiff's exercise of religion. |
| Count 2: | Religious Land Use and Institutionalized Persons Act claim against Lashbrook, Lawrence, Claycomb, Sterrett, Wilson, and John Doe Major. |
| Count 3: | Fourteenth Amendment Equal Protection claim regarding superior treatment of Christian inmates over Muslim inmates against Lashbrook, Lawrence, Claycomb, Sterrett, Wilson, and John Doe Major. |
| Count 4: | First Amendment retaliation claim against Claycomb and Sterrett for denying Plaintiff access to religious services in retaliation for the grievances he filed. |

Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

### Count 1

To state a First Amendment claim, Plaintiff must sufficiently allege that the defendants personally and unjustifiably placed a substantial burden on his religious practices. *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). Preventing Plaintiff from attending religious services as alleged substantially burdens his exercise of religion and doing so without explanation or on apparently pretextual grounds is unjustifiable. Thus, Plaintiff has adequately stated claims against Lashbrook, Lawrence, Claycomb, Sterrett, Wilson, and John Doe Major.

### Count 2

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") does not authorize lawsuits for money damages but does allow for injunctive relief. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). However, "when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Plaintiff is no longer incarcerated at Menard –he has been incarcerated at Stateville Correctional Center since March 4, 2020. (Doc. 11). Accordingly, Count 2 will be dismissed as moot.

### Count 3

To state a prima facie claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must plead facts showing that (1) he is otherwise similarly situated to members of the unprotected class; (2) he was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent.  *Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000).  The allegations in the Second Amended Complaint are sufficient for this claim to proceed against Lashbrook, Lawrence, Claycomb, Sterrett, Wilson, and John Doe Major.

**Count 4**

To state a First Amendment retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action."  *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).  The allegations in the Second Amended Complaint are sufficient for this claim to proceed against Claycomb and Sterrett.

**Disposition**

Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 26) is **GRANTED**. The Clerk of Court is **DIRECTED** to **FILE** the Second Amended Complaint submitted by Plaintiff with his motion.

The Second Amended Complaint survives preliminary review under 28 U.S.C. § 1915A as follows: Counts 1 and 3 will proceed against **JACQUELINE LASHBROOK, FRANK LAWRENCE, JAMES CLAYCOMB, SAMUEL STERRETT, HENRY WILSON,** and **JOHN DOE MAJOR.**  Count 4 will proceed against **CLAYCOMB** and **STERRETT**.  The RLUIPA claim in Count 2, and any other claim for injunctive relief, is **DISMISSED** as moot. Alex Jones, the former Warden of Menard Correctional Center, who was a defendant for purposes

of responding to discovery aimed at identifying the Doe defendants in the First Amended Complaint is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party.

The Clerk of Court shall prepare for **JACQUELINE LASHBROOK, FRANK LAWRENCE, JAMES CLAYCOMB, SAMUEL STERRETT, HENRY WILSON**, and, once identified, **JOHN DOE MAJO**R: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendant until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Second Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. §

1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 17, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer(s), but it is entirely possible that it will take **90 days** or more. When all Defendants have filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.